IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00160-REB-BNB

MARILYN REEVES,

Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation,

Defendant.
_____

## ORDER
_____

This matter is before me on **Defendant NCO Financial Systems, Inc.'s Motion for More Definite Statement** [Doc. # 10, filed 2/14/2008] (the "Motion"). The Motion is DENIED without prejudice.

The defendant claims that the plaintiff has many accounts in collection with NCO Financial and that it cannot reasonably respond to the complaint until the plaintiff identifies "the name of the creditor or the number of the account" about which the claim is brought.

I have set the case for a scheduling conference and a settlement conference for March 17, 2008, and I am requiring that client representatives be present at that conference in person. I understand that the defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania. I anticipate, although I do not know, that the defendant's client representative will have to travel to attend the settlement conference. I will not cancel that conference, nor will I allow the client representative to appear by telephone, but I certainly want to take all steps reasonably possible to assure that the conference is successful.

Motions brought under Rule 12, Fed. R. Civ. P., are exempt from the meet and confer requirement of D.C.COLO.LCivR 7.1A. In this case, however, the problem raised in the Motion probably can be easily resolved by such a conference. In view of the nature of the problem, the pending settlement conference, and the potential delay in allowing a response to the Motion and setting it for hearing, I will require the parties to confer in good faith before I will consider the Motion.

IT IS ORDERED that the Motion is DENIED without prejudice, to allow the parties to confer in a manner consistent with D.C.COLO.LCivR 7.1A. The Motion may be reasserted after that conference if the parties are not able to resolve the problem.

Dated February 15, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge